# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH A. ROTH-RIEMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-614-G |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Motion (Doc. No. 31) filed through counsel by Plaintiff Deborah A. Roth-Riemann presenting two related requests. First, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, Plaintiff requests authorization for her counsel to seek attorney's fees under 42 U.S.C. § 406(b)(1). *See McGraw v. Barnhart*, 450 F.3d 493, 504-05 (10th Cir. 2006). Second, assuming the granting of the first request, Plaintiff moves for an award of attorney fees in the amount of $15,371.48 under § 406(b). Defendant has filed no response to the Motion within the time allowed.

On April 10, 2017, the Court reversed the decision of the Commissioner of the Social Security Administration ("SSA") and remanded the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 26); *see also Roth-Riemann v. Berryhill*, No. CIV-16-614-W, 2017 WL 1326305 (W.D. Okla. Apr. 10, 2017). On November 19, 2019, the SSA notified Plaintiff that she is entitled to

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

supplemental security income payments, including $67,485.92 in past-due benefits. *See* Pl.'s Mot. Ex. 1 (Doc. No. 31-1). Accordingly, the Court finds that "[s]ubstantial justice will be served by allowing counsel to seek § 406(b)(1) fees under the authority of Rule 60(b)(6)," *McGraw*, 450 F.3d at 505, and grants Plaintiff's request to file a request for attorney's fees pursuant to § 406(b).

Turning to Plaintiff's request for fees, 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

Having carefully reviewed the Motion and supporting documentation, the Court finds that $15,371.48 is a reasonable fee award for the work performed in this case in view of the results achieved, the applicable attorney-fee agreement, and the contingent nature of the representation. Plaintiff and Plaintiff's counsel stipulated in their fee agreement that in the event of "a favorable administrative determination" "the attorney fee will be the twenty-

five percent (25%) of the past-due benefits." Pl.'s Mot. Ex. 3 (Doc. No. 31-3) (emphasis omitted); *accord id.* Ex. 4 (Doc. No. 31-4). The requested fee award is approximately 23% of the past-due benefits awarded to Plaintiff and thus an amount contemplated by the written agreement between Plaintiff and her counsel, given the favorable determination by the SSA. *See* Pl.'s Mot. Ex. 3, at 1; Pl.'s Mot. Ex. 1, at 2.

While before the Court, Plaintiff's counsel filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's supplemental security income claim. *See* Doc. No. 16. After the Commissioner filed a brief in opposition, Plaintiff's counsel reviewed the brief and filed a reply. *See* Doc. Nos. 19, 23. Plaintiff's counsel represents that she spent 32.5 hours litigating Plaintiff's disability case in federal court, not including time spent on the attorney-fee request, which would result in an effective hourly rate of $472.97 with respect to the requested § 406(b) fee. *See* Pl.'s Mot. at 2; Pl.'s EAJA Mot. (Doc. No. 27) at 2, 5-7; *see also Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour).

Accordingly, Plaintiff's Motion (Doc. No. 31) is GRANTED. Plaintiff's attorney Lisa J. McNair Palmer is awarded attorney's fees in the amount of $15,371.48, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable

decision in this case. *See* 42 U.S.C. § 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Lisa J. McNair Palmer, 7906 East 55th Street, Tulsa, Oklahoma, 74145-7818. Upon payment, Ms. McNair Palmer shall promptly refund to Plaintiff the $6542.40 previously awarded under 28 U.S.C. § 2412. *See* Order of June 22, 2017 (Doc. No. 30) at 1-3; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 22nd day of December, 2020.

_____
CHARLES B. GOODWIN
United States District Judge